v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–0608–JV–434.

Court of Appeals of Indiana.

April 16, 2007.

Gregory Bowes, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

## STATEMENT OF THE CASE

T.W. appeals from the trial court's determination that she violated the terms of her probation and suspended commitment, which had been imposed after she was adjudicated a delinquent child in two separate cases. She presents for review a single issue, which we restate as:

1. Whether the proceeding below was an action to adjudicate T.W. to be a delinquent child or, instead, was an action to determine whether T.W. had violated the terms of her probation and suspended commitment in two existing delinquency cases.

2. Whether the evidence was sufficient to support the trial court's order.

We affirm.

## FACTS AND PROCEDURAL HISTORY

T.W. was arrested on December 16, 2004, for Disorderly Conduct, as a Class B misdemeanor, and Resisting Law Enforcement, as a Class A misdemeanor, if committed by an adult. As a result, the State filed a petition under Cause Number 59D09–0412–JD–005712 ("Cause Number 5712"), alleging T.W. to be a delinquent child. After the denial hearing on February 10, 2005, the trial court found true the resisting law enforcement allegation and adjudicated T.W. to be a delinquent child. The trial court placed T.W. on probation, with special conditions, and released her to the custody of her parent.

T.W. was arrested again on March 9, 2005, for battery, as a Class A misdemeanor if committed by an adult. The State filed a petition under Cause Number 49D09–0503–JD–001144 ("Cause Number 1144"), alleging T.W. to be a delinquent child for committing disorderly conduct on March 9, 2005, a Class B misdemeanor if committed by an adult, and a petition alleging that T.W. violated the terms of her probation in Cause Number 5712 because she committed battery on that same date. Under a plea agreement, T.W. admitted the allegation in the delinquency petition in Cause Number 1144, and the State moved to dismiss the probation violation petition in Cause Number 5712. The court awarded wardship of T.W. to the Indiana Department of Correction ("DOC") for housing in any correctional facility for children, with such commitment suspended; placed T.W. on probation, with special conditions; and released her to the custody of her mother.

On January 5, 2006, the State filed an information alleging violations of probation in Cause Number 5712 and an information alleging violation of probation/suspended commitment in Cause Number 1144. Both petitions alleged:

1. Youth tested positive for THC (marijuana) upon submission of random urine screen at AIT Laboratories, located at 2265 Executive Drive, on 12/21/05.

2. On 01/03/06, at approximately 0900 hours, youth left her foster home residence located at 2946 N. Arsenal Avenue. As of 01/05/06 youth's whereabouts remain unknown to both her foster mother and the Court....

Appellant's App. at 75, 195. On April 28, 2006, via a plea agreement, T.W. admitted the allegations that she had again violated the terms of her probation in Cause Number 5712 and the terms of her suspended commitment in Cause Number 1144. At the conclusion of a disposition hearing in both matters on May 18, 2006, in each case the trial court ordered the violation "closed" and adjudicated T.W. to be a delinquent child. In both cases, the court further awarded wardship of T.W. to the DOC, suspending that commitment and placing T.W. on probation with special conditions, including residential placement at Gerrard House and compliance with Gerrard House rules. The terms of T.W.'s probation and suspended commitment required her to "obey all rules and regulations of Gerrard House and keep them informed of [her] whereabouts at all times." Appellant's App. at 108.

On May 24, 2006, T.W. had permission to leave Gerrard House to attend G.E.D. classes and then to report to work. That day, T.W.'s employer informed Gerrard House that T.W. had not reported for work. Gerrard House personnel reported T.W. as a runaway because they did not know where she was. T.W. later phoned to say that she had been at her sister's home. Gerrard House personnel instructed T.W. to return immediately, but T.W. did not return for several hours.

Later on May 24, 2006, the State filed an "Information of Delinquent Child, Violation of Probation/Suspended Commitment." The State's petition alleged T.W. to be a delinquent child because she violated the conditions of her suspended commitment by "commit[ting] the act of Runaway[,]" [1] *id.* at 112, and requested the revocation of her probation and imposition of an alternative disposition. The court then held an initial hearing on the violation of probation/suspended commitment, and on June 19, 2006, the court held a denial hearing on the violation of probation/suspended commitment. On July 17, 2006, the trial court held a disposition hearing on the violation of probation/suspended commitment under both cause numbers,[2] after which the trial court found that the State had "met its burden by a preponderance of the evidence and viewed [T.W.] to be delinquent and violate[d] the probation." Transcript at 17. On that basis, and because T.W. was to turn eighteen years old in the following days, the trial court ordered T.W. to continue on informal probation, ordered her to pay fees, and released her to the custody of her mother. T.W. appeals.

## DISCUSSION AND DECISION

T.W. frames the proceeding below as an action determining her to be a delinquent

---

1. Indiana Code Section 31–37–2–2 refers to the offense as "Leaving home."

2. At the time of the hearing, T.W. had also been determined to be a Child in Need of Services in a separate case.

child and, on appeal, contends that the evidence was insufficient to support the trial court's delinquency adjudication. The State counters that the information alleged a violation of T.W.'s probation and suspended commitment in two prior delinquency cases and was not, in itself, an information alleging delinquency. The State further argues that the evidence was sufficient to support the trial court's determination that T.W. violated the terms of her probation and suspended commitment. We address these issues in turn.

### Issue One: Delinquency or Violation Proceeding

█ T.W. alleges that the proceeding below was one to determine whether she was a delinquent child for committing the act of leaving home, as defined by Indiana Code Section 31–37–2–2. The State contends that the information alleged a delinquent act only as the basis for its request that T.W.'s probation and suspended commitment be revoked. We agree with the State.

The State filed an information entitled "Information of Delinquent Child, Violation of Probation/Suspended Commitment." Appellant's App. at 112. The information alleged, in part, that T.W. "on or about 24th day of May, 2006, is a delinquent child in this to-wit [sic]: At and in the County of Marion, State of Indiana[,] violates the conditions of: Suspended Commitment in that: Youth Committed the act of Runaway on 5/24/2006, at 0045 hours, at 5920 E. Washington." *Id.* The State then requested relief as follows: "As a result of the above-mentioned facts, the Probation Department is requesting a revocation of probation and alternative disposition imposed [sic]." *Id.*

The title of and allegations in the pleading do not make clear whether the pleading is one alleging delinquency under Indiana Code Section 31–37–2–1 or merely one alleging a violation of the terms of T.W.'s probation and suspended commitment. However, we read the request for relief together with the rest of the pleading to determine the State's intent. In so doing, we conclude that the pleading alleges a violation of the terms of T.W.'s probation and suspended commitment. The pleading does not request an independent adjudication of delinquency under Indiana Code Section 31–37–2–1 based on the leaving home allegation except as such would be a violation of the terms of her probation and suspended commitment.

### Issue Two: Sufficiency of Evidence

█ Because the pleading, read as a whole, alleges a violation the terms of probation and suspended commitment, we apply the standard of review for probation revocation proceedings. A probation revocation proceeding is in the nature of a civil proceeding, and, therefore, the alleged violation need be proved only by a preponderance of the evidence. *J.J.C. v. State*, 792 N.E.2d 85, 88 (Ind.Ct.App.2003). Violation of a single condition of probation is sufficient to revoke probation. *Id.* As with other sufficiency issues, we do not reweigh the evidence or judge the credibility of witnesses. *Id.* We look only to the evidence which supports the judgment and any reasonable inferences flowing therefrom. *Id.* If there is substantial evidence of probative value to support the trial court's decision that the probationer committed any violation, revocation of probation is appropriate. *Id.*

Here, the State alleged that T.W. violated the terms of her probation in Cause Number 5712 and the terms of her suspended commitment in Cause Number 1144 by committing the act of leaving home on May 24, 2006. "A child commits a delinquent act if, before becoming eighteen (18) years of age, the child leaves home: (1) without reasonable cause; and

(2) without permission of the parent, guardian, or custodian, who requests the child's return." Ind.Code § 31–37–2–2. T.W. contends that the State failed to show that she left without permission, that she failed to return, and that she was in need of care, treatment, or rehabilitation. We address each contention in turn.

### Permission to Leave

■ T.W. first alleges that the State failed to show that she left Gerrard House without permission. The construction of "without permission" in Indiana Code Section 31–37–2–2 is a matter of first impression. The goal of statutory construction is to determine, give effect to, and implement the intent of the legislature. *Sales v. State*, 723 N.E.2d 416, 420 (Ind.2000). The statute is examined as a whole and it is often necessary to avoid excessive reliance on a strict literal meaning or the selective reading of individual words. *Id.* The legislature is presumed to have intended the language used in the statute to be applied logically and not to bring about an unjust or absurd result. *Id.* We conventionally construe penal statutes strictly against the State, but they are not to be read so narrowly that they exclude cases they fairly cover. *Id.*

■ T.W. argues that she had permission to leave Gerrard House. Specifically, T.W. interprets permission to leave for a particular destination to mean blanket permission to leave, regardless of where she ultimately went. The trial court rejected the notion that "permission" as used in the statute means "blanket permission[,]" transcript at 17, and we agree with the trial court. We hold that, in the context of Indiana Code Section 31–37–2–2, permission to leave that is given for a particular destination limits that permission, at least by implication, to that particular destination.

Here, Gerrard House personnel gave T.W. permission to leave in order to attend G.E.D. classes and then go to her job at Rally's. Gerrard House personnel received a call that T.W. did not arrive at work when scheduled. Subsequently, T.W. called and informed personnel at Gerrard House that she was at her sister's home. T.W. did not have permission to be at her sister's home. We hold that T.W. did not have permission to leave Gerrard House as contemplated by Indiana Code Section 31–37–2–2. Thus, the evidence is sufficient to show that the State proved the permission element of Indiana Code Section 31–37–2–2 by a preponderance of the evidence.

### Failure to Return

■ T.W. also contends that the State did not prove that she failed to return as contemplated in Indiana Code Section 31–37–2–2. Specifically, T.W. argues that "implicit [in the statute] is the notion that a child has not left home if the child returns after being asked." Appellant's Brief at 6. We cannot agree.

Indiana Code Section 31–37–2–2 is not concerned with whether a minor refuses to return or returns at all. Rather, under that statute a child is a delinquent child if she leaves home without reasonable cause and without permission from a parent, custodian, or guardian, who asked the child to return. T.W.'s interpretation reads the permission element out of the statute. As discussed above, T.W. left without permission, and the record shows that Gerrard House asked her to return. The fact that T.W. returned to Gerrard House hours after that request does not render nugatory the permission element or T.W.'s meeting of that element.

### Care, Treatment and Rehabilitation

■ Finally, T.W. alleges that the State failed to prove that she requires care, treatment and rehabilitation. Such a find-

ing is necessary for a court to adjudicate a child to be a delinquent child. *See* Ind. Code § 31–37–2–1 ("A child is a delinquent if, before becoming eighteen (18) years of age, the child: commits a delinquent act . . . and (2) needs care, treatment, or rehabilitation that: (A) the child is not receiving; (B) is unlikely to accept voluntarily; and (C) is unlikely to be provided or accepted without the coercive intervention of the court."). Although the proceeding below was to determine whether T.W. violated the terms of her probation and suspended commitment, because it was based on an allegation that T.W. committed a delinquent act, the State was required to show that T.W. requires care, treatment, or rehabilitation. *See* Ind.Code § 31–37–2–2. However, as noted above, the State was only required to make such a showing by a preponderance of the evidence. *See J.J.C.,* 792 N.E.2d at 88.

Here, at the denial hearing, the court took judicial notice of all orders entered in Cause Numbers 5712 and 1144. In so doing, the court took notice that T.W. had been adjudicated a delinquent child in each case; had been referred for services; had repeatedly violated the terms of her suspended commitment in Cause Number 1144, in part because she failed to appear for hearings or had run away; had previously violated the terms of her probation in Cause Number 5712 and failed to appear for hearings in that matter; and had true findings in at least two other juvenile delinquency cases. In the present disposition order, the trial court specifically referenced T.W.'s "prior history of delinquent activity and true findings" in four delinquency cases and that T.W. was in need of care, treatment, rehabilitation, or placement. Appellant's App. at 143–44. Based on the orders entered in Cause Numbers 5712 and 1144, we conclude that the evidence is sufficient to support the trial court's finding, by a preponderance of the

evidence, that T.W. was in need of care, treatment, or rehabilitation.

Affirmed.

MAY, J., and MATHIAS, J., concur.