**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana

FILED

Apr 04 2012, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES ALVARADO, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 52A02-1110-CR-984 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MIAMI SUPERIOR COURT
The Honorable Daniel C. Banina, Special Judge
Cause No. 52D01-0605-FD-51

**April 4, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

James Alvarado appeals the trial court's revocation of his probation, arguing that there is insufficient evidence to support the trial court's finding that he violated his probation. We agree that the evidence is insufficient and therefore reverse.

**Facts and Procedural History**

Alvarado was convicted in Miami County of class D felony possession of methamphetamine and received a two-year sentence with one year executed and one year suspended to probation. Paragraph 15 of Alvarado's probation order required Alvarado to "[f]ollow *current* [substance abuse] treatment recommendations in Howard Co. satisfactorily." Appellant's App. at 50 (emphasis added). The following words immediately preceding the aforementioned sentence were lined out: "You shall participate in a substance abuse evaluation and." *Id.*

The State filed a notice of probation violation and a motion to revoke probation alleging that Alvarado failed to complete substance abuse treatment as required by paragraph 15. *Id.* at 6. The State added other allegations of probation violations by amendment. At the factfinding hearing, Alvarado's Miami County probation officer, Troy Proffitt, testified for the State as follows:

> [Prosecutor]: [C]an you tell the Court why you filed that probation violation?
>
> [Proffitt]: [Alvarado] was ordered to complete, uh, the Court was aware of his causes in Howard County and ordered him to complete, uh, his substance abuse, abuse treatment through Howard County and that would satisfy Miami County's, uh, probation as well. He failed to complete, *I don't even know if the evaluation was even completed there, but, uh, it wasn't completed and so*

*no treatment was completed*. He did [] complete a little bit of treatment in DOC but nothing outside DOC.

[Prosecutor]: But he did not complete the treatment he was ordered to complete as a result of probation?

[Proffitt]:    Correct.

Tr. at 7 (emphasis added).

Then on cross-examination, the following colloquy occurred between Alvarado's

defense counsel and Proffitt:

[Defense counsel]:   [T]ell the Court about your efforts to obtain [] the records in regards to, uh, Mr. Alvarado's treatment.

[Proffitt]:     I was, uh, sent by the DOC his record and I've got a list of what he did in the DOC, so I do have that. After that though he was to complete his treatment, uh, through Howard County and that would satisfy Miami County's probation. I, on a number of attempts, phone calls and faxes to, uh, the Probation Officer in Howard County and *could not get anything, could not even get the evaluation*.

[Defense counsel]:   Okay so you, you were made aware that an evaluation of some sort was performed, correct?

[Proffitt]:     I thought there was but I, talking to [Alvarado] I believe he says he didn't even do *an evaluation*. That's what he's told me so…

*Id*. at 10-11 (emphases added).

After the completion of the State's case-in-chief, Alvarado moved for judgment on the

evidence on all the alleged probation violations. The following colloquy occurred:

[Court]:  I don't know what happened in your preparation but this is all screwed up. Uh, the only certified thing I have is a copy of the information from Hamilton County. I have an uncertified docket, CCS from Monroe Circuit Court II which would appear to show he's had [sic] plead guilty to Public Intoxication but that's not certified. Uh…

3

[Prosecutor]: No but you have testimony that [Alvarado] failed to complete his drug treatment Judge.

[Court]: Well, as [defense counsel] indicated [Proffitt] couldn't get the full information on the [sic] whether [Alvarado] completed it or not.

[Proffitt]: [Alvarado] has admitted to me that he completed none. He's not even sure he completed the evaluation. That's his admission.

[Court]: I think this is really weak.

[Prosecutor]: It's weak but it's only required to be by the preponderance of the evidence and I think pretty clearly a preponderance of the evidence right now is that he did not complete his drug treatment.

*Id*. at 16-17.

The trial court granted Alvarado's motion for judgment on the evidence on all alleged probation violations except the allegation that Alvarado failed to complete substance abuse treatment in Howard County. The trial court found that "[Alvarado] did violate probation for failing to complete treatment," revoked his probation, and sentenced Alvarado to one year executed. *Id*. at 17. Alvarado appeals.

**Discussion and Decision**

Alvarado appeals the revocation of his probation, arguing that the evidence is insufficient to prove that he committed a probation violation. We observe that probation is a matter of grace left to the trial court's discretion, not a right to which a criminal defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Id.* A probation revocation hearing is civil in nature, and therefore an alleged violation need only

4

be proven by a preponderance of the evidence. *Whatley v. State*, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006).

In reviewing whether the trial court abused its discretion in revoking probation, we consider only the evidence most favorable to the judgment and will not reweigh the evidence or judge the credibility of the witnesses. *Podlusky v. State*, 839 N.E.2d 198, 200 (Ind. Ct. App. 2005). So long as substantial evidence of probative value exists to support the trial court's finding that a violation occurred, we will affirm the judgment. *Wilkerson v. State*, 918 N.E.2d 458, 461 (Ind. Ct. App. 2009). Violation of a single condition of probation is sufficient to revoke probation. *T.W. v. State*, 864 N.E.2d 361, 364 (Ind. Ct. App. 2007), *trans. denied*.

The State alleged that Alvarado violated his probation by allegedly failing to complete his current substance abuse treatment program in Howard County. Alvarado argues on appeal that because Proffitt failed to obtain his substance abuse treatment records from Howard County, the only evidence regarding his drug treatment is Proffitt's testimony. Alvarado argues that Proffitt testified only that Alvarado admitted that he did not get a substance abuse *evaluation*. Alvarado argues that this testimony is irrelevant because under the terms of his probation, he was not required to get an evaluation in Howard County. The State concedes that "the evaluation was not necessary."[1] Appellee's Br. at 5. Nevertheless,

---

[1] There was no evidence that a substance abuse evaluation in Howard County was a condition of Alvarado's probation. Alvarado's probation order required him to "[f]ollow *current* treatment recommendations in Howard Co." Appellant's App. at 50 (emphasis added). We emphasize that it is not the defendant's obligation to prove that he complied with the conditions of probation; it is the State's obligation to prove the conditions of probation and that a violation occurred. We cannot infer noncompliance from an absence of evidence.

the State asserts that "Proffitt specifically testified at the hearing that [Alvarado] himself had admitted to Proffitt that he had failed to complete his drug treatment." *Id*. (citing Tr. at 11, 16).

The State mischaracterizes Proffitt's testimony. Our review of the record shows that Proffitt did not *testify* that Alvarado admitted that he failed to complete his drug treatment. Rather, Proffitt testified only that Alvarado admitted that he did not do a substance abuse *evaluation*. *See* Tr. at 11 ("I thought there was [an evaluation] but I, talking to [Alvarado] I believe he says he didn't even do an evaluation.").[2] After the State presented its case-in-chief, during argument on Alvarado's motion for judgment on the evidence, Proffitt interjected, "[Alvarado] has admitted to me that he completed none." *Id*. at 16. The State could have elicited this statement as evidence during its case-in-chief, but it did not.

We conclude that the record does not contain substantial evidence of probative value to support the trial court's finding that Alvarado violated his probation by failing to complete his substance abuse treatment. We therefore reverse the revocation of Alvarado's probation.

Reversed.

BRADFORD, J., concurs.

VAIDIK, J., dissents with separate opinion.

---

[2] This is in contrast to Proffitt's earlier testimony, in which he stated, "I don't even know if the evaluation was even completed there, but, uh, it wasn't completed and so no treatment was completed." Tr. at 7.

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES ALVARADO, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 52A02-1110-CR-984 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

**VAIDIK, Judge, dissenting**

I respectfully disagree with the majority that the trial court abused its discretion in revoking Alvarado's probation.

Alvarado was convicted in Miami County of Class D felony possession of methamphetamine and sentenced to two years, with one year suspended to probation. Alvarado's Miami County sentence was to be served consecutive to his two sentences in Howard County. As part of his probation in Miami County, the trial court ordered Alvarado to complete substance-abuse treatment through Howard County because "his treatment . . . through Howard County . . . would satisfy Miami County's probation." Tr. p. 10. The Miami County probation department later filed a petition to revoke Alvarado's probation in

7

which it alleged that he failed to complete the substance-abuse treatment as previously ordered.

At the probation-revocation hearing, Alvarado's probation officer, Troy Proffitt, testified that Alvarado signed a release so that he could obtain Alvarado's Howard County treatment records; however, he was not able to obtain any of Alvarado's records. According to Proffitt, Alvarado told him that "he didn't even do an evaluation" in Howard County. *Id.* at 11. If Alvarado did not "even" complete a substance-abuse evaluation in Howard County, then it logically follows that he did not complete substance-abuse treatment there either. This was a clear condition of Alvardo's Miami County probation. Because I believe that the State proved by a preponderance of the evidence that Alvarado violated his probation in Miami County by failing to complete treatment in Howard County, I would affirm the trial court's revocation of Alvarado's probation and one-year sentence.