Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**JAY RODIA**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AKEEM TURNER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1302-CR-131 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven R. Eichholtz, Judge
Cause No. 49G20-0608-FA-157219

**August 20, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Akeem Turner appeals the revocation of his probation, arguing that there is insufficient evidence that he violated probation and that the trial court abused its discretion in revoking his revocation and ordering him to serve the nine-year portion of his sentence that had been previously suspended. Concluding that the evidence is sufficient and that the trial court did not abuse its discretion, we affirm.

## Facts and Procedural History

On November 16, 2006, Turner entered into a plea agreement with the State, in which he agreed to plead guilty to class B felony dealing in cocaine and the State agreed to forgo prosecution of other counts in this cause as well as multiple charges in two other causes. Pursuant to the plea agreement, the trial court sentenced Turner to fifteen years, with six years to be served in community corrections and nine years suspended with two years of probation.

On June 14, 2007, Turner entered into another plea agreement with the State, in which Turner admitted to violating the terms of his community corrections placement and agreed to serve the remainder of his initial executed sentence at the Department of Correction.[1] The trial court accepted the agreement.

On November 10, 2011, Turner was placed on probation. The terms of his probation required that he not commit any new crimes and that he complete a substance abuse

---

[1] In the same plea agreement, Turner also pled guilty to class C felony possession of cocaine in cause number 49G20-0705-FA-80331, the State agreed to dismiss the remaining counts in that cause, and Turner agreed to serve a two-year executed sentence consecutive to the sentence in this case.

evaluation and participate in treatment if determined to be necessary. On February 2, 2012, the State filed a notice of probation violation, alleging that Turner had been arrested and charged with residential entry, strangulation, battery, and criminal mischief and stating that although he had reported for a substance abuse evaluation, he had failed to attend recommended treatment for relapse prevention. On May 10, 2012, following a hearing, the State withdrew its notice of probation violation, and the trial court ordered Turner to continue on probation and report to treatment for relapse prevention. On June 4, 2012, the State filed a second notice of probation violation, alleging that Turner had been arrested and charged with class A misdemeanor battery. The chronological case summary shows that a hearing was held on August 16, 2012, that Turner admitted violating the conditions of his probation, and that the trial court ordered that Turner remain on probation.

In October 2012, Turner lived with his girlfriend in a Marion County duplex. Their address was 331 Oakland Avenue. Leonardo Vanegas and Virginia Cortez lived in the other half of the duplex at 329 Oakland Avenue. On October 23, 2012, police officers were dispatched to 329 Oakland Avenue for a reported burglary. Officers observed that 329 Oakland Avenue had a broken window. The window screen was lying on the ground outside, and broken glass littered the inside of the residence. Officers also observed that Turner's interior door was open and that there were multiple flat-screen televisions inside. A maroon Buick was parked behind Turner's residence, and Turner and another man were standing beside it. Another man was in Turner's residence. All three were arrested, and police obtained a warrant to search 331 Oakland Avenue. In addition to four flat-screen televisions,

3

the police found a computer monitor, a Gameboy, and two cellular telephones, one of which was plugged into an electrical outlet and charging. These items were owned by Vanegas and Cortez.

A police officer interviewed Turner. Turner claimed that Gonza McGary, one of the other men arrested at the crime scene, came to his residence and offered to sell him four flat-screen televisions for fifty dollars. Turner admitted that he knew the televisions were stolen and that his fingerprints would be found on the televisions. Turner stated that he made a "very stupid ass decision." Tr. at 22-23.

On October 30, 2012, the State filed a third notice of probation violation, alleging that Turner had been arrested and charged with class D felony theft. On January 10, 2013, the trial court held a probation violation hearing. Turner reiterated that McGary offered to sell him four flat-screen televisions for fifty dollars. The trial court found that Turner's explanation regarding his involvement with the televisions was "self-serving" and gave it very little weight in finding that Turner had committed theft and violated his probation. *Id*. at 35. The trial court then noted that it had given Turner multiple opportunities, "more chances than I think I've given anybody," but every time Turner came back to the court for new offenses. *Id*. at 37. The trial court revoked Turner's probation and ordered him to serve the previously suspended nine years in the Department of Correction. Turner appeals.

## Discussion and Decision

### *I. Sufficiency of the Evidence*

Turner claims that there is insufficient evidence that he violated his probation. A probation revocation hearing is civil in nature, and therefore an alleged violation need only be proven by a preponderance of the evidence. *Whatley v. State*, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006); Ind. Code § 35-38-2-3(f). In determining whether the State carried its burden, we consider only the evidence most favorable to the judgment. *Id.* As with other sufficiency questions, we neither reweigh the evidence nor judge the credibility of witnesses. *Pitman v. State*, 749 N.E.2d 557, 559 (Ind. Ct. App. 2001), *trans. denied.* "So long as substantial evidence of probative value exists to support the trial court's finding that a violation occurred, we will affirm the judgment." *Wilkerson v. State*, 918 N.E.2d 458, 461 (Ind. Ct. App. 2009).

The State alleged that Tuner violated his probation by committing theft, which is the knowing or intentional exertion of "unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use." Ind. Code § 35-43-4-2. Here, within a short time after arriving at the duplex that was the scene of a just-reported burglary, the police saw Vanegas and Cortez's flat-screen televisions inside Turner's adjacent residence. Turner was standing behind his residence. When police searched Turner's residence, they found other items that belonged to Vanegas and Cortez, including a cell phone that was plugged in and charging. Turner admitted that his fingerprints were on the televisions and that he knew they were stolen. The trial court judged Turner's testimony

5

that McGary offered to sell him the televisions and did not find it credible. Turner's argument is merely an invitation to reweigh the evidence, which we will not do. We conclude that the evidence was sufficient to establish by a preponderance that Turner committed theft and thereby violated his probation.

## II. *Revocation of Probation*

Turner also claims that the trial court abused its discretion in revoking his probation and ordering him to serve the entire nine-year suspended term. Probation is a matter of grace left to the trial court's discretion, "not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "The trial court determines the conditions of probation and may revoke probation if the conditions are violated." *Id.*; Ind. Code § 35-38-2-3(h). In reviewing whether the trial court abused its discretion in revoking probation, we consider only the evidence most favorable to the judgment and will not reweigh the evidence or judge the credibility of the witnesses. *Podlusky v. State*, 839 N.E.2d 198, 200 (Ind. Ct. App. 2005). "Violation of a single condition of probation is sufficient to revoke probation." *T.W. v. State*, 864 N.E.2d 361, 364 (Ind. Ct. App. 2007), *trans. denied*.

Turner contends that because he has advanced his education by attaining a GED and exerted substantial efforts to obtain gainful employment, the trial court should have considered a shorter executed term. While these are positive undertakings, they were unfortunately counterbalanced by Turner's repeated failures to conform his conduct to the conditions of his community corrections placement and then his probation. Turner was on probation for less than a year, yet had three probation violation notices filed against him.

6

Despite the trial court's leniency, he decided to engage in criminal activity.  We conclude that the trial court did not abuse its discretion in revoking Turner's probation and ordering him to serve the entirety of his previously suspended sentence.

Affirmed.

BARNES, J., and PYLE, J., concur.