## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 25 2017, 6:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bobbie R. Mituski,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 25, 2017

Court of Appeals Case No.
84A04-1611-CR-2725

Appeal from the
Vigo Superior Court

The Honorable
Michael Rader, Judge

Trial Court Cause No.
84D05-1305-FD-1386

**Kirsch, Judge.**

[1] Bobbie R. Mituski ("Mituski") appeals following the revocation of her probation, raising the following restated issues:

I. Whether the trial court erred when it revoked her probation; and

II. Whether the trial court's calculation of Mituski's accrued credit time was proper.

We affirm in part and remand in part.

## Facts and Procedural History

In May 2013, the State charged Mituski with Class A misdemeanor operating a vehicle while intoxicated endangering a person and Class D felony operating a vehicle while intoxicated. After the initial hearing, Defendant was released on her own recognizance, and she later violated three conditions of her release by not enrolling in the alcohol and drug program, refusing to comply with the "Alcomonitor Tests," and failing to provide a current address. *Appellant's App. Vol. II*. at 20, 25. Although the trial court found that she had violated the terms of her release, it did not revoke her release.

On October 10, 2013, Mituski entered into a plea agreement on the May 2013 charges, in which she pleaded guilty to the Class D felony operating a vehicle while intoxicated charge, and the State dismissed the misdemeanor charge. The trial court sentenced her to a three-year sentence, or 1,089 days, all suspended to informal probation. As a condition of probation, the trial court ordered her to complete 360 hours of community service. *Id*. at 52. The court's October 10, 2013 order accepting the plea stated that Mituski had 1,089 days to complete her service hours; however, the Rules of Informal Probation form,

signed by Mituski, stated that she agreed to complete 360 hours of community service within 540 days of sentencing. *Appellant's App. Vol. II* at 54, 58.

[5]  On January 29, 2014, the State filed a petition to revoke probation ("First Petition to Revoke"), alleging that Mituski violated her probation by failing to pay her alcohol drug program fees. *Appellant's App. Vol. II* at 61. Mituski failed to appear at a March 2014 hearing and again at a May 2014 hearing, and a bench warrant was issued. Mituski was served with the warrant on June 4, 2014, and she appeared via video at an initial hearing the next day. At that hearing, the trial court scheduled the First Petition to Revoke for hearing on August 8, 2014 and released Mituski on her own recognizance. She did not appear at the August 8 hearing, and another bench warrant was issued ("August 2014 Warrant").

[6]  On September 9, 2015, the State filed another petition to revoke probation ("Second Petition to Revoke"), alleging that Mituski violated the conditions of her probation by failing to complete her community service hours and paying her fees within the 540-day period. *Appellant's App. Vol. II*. at 71. In March 2016, Defendant was arrested on the August 2014 Warrant and was held without bond. On March 31, 2016, the trial court held a hearing on the Second Petition to Revoke.

[7]  At the hearing, Mituski admitted that she failed to complete the 360 hours of community service within the 540-day allotted time, as alleged in the Second Petition to Revoke. *Tr.* at 11. The trial court found that Mituski violated the

terms of her probation and revoked her probation. It ordered her to serve her previously-suspended 3-year-sentence in the Indiana Department of Correction ("DOC"). *Appellant's App. Vol. II* at 6, 79, 80.

[8]     In April 2016, Mituski filed a notice of appeal, but then filed a motion for stay of appeal so that she could seek sentence modification. *Id.* at 86-87. This court dismissed Mituski's appeal without prejudice so that she could seek sentence modification. In May 2016, Mituski filed in the trial court a petition to modify the terms of her sentence. At the May 19 hearing on her petition to modify her sentence, the trial court stayed her three-year executed sentence and ordered that she be evaluated for placement in a residential treatment facility. The trial court also ordered that, if approved, she would remain at the treatment facility for a minimum of ninety days and would not possess or consume alcohol or controlled substances. *Appellant's App. Vol. II* at 90. After being found eligible, she was moved on May 27 to the Freebirds Solution Center.

[9]     The trial court held review hearings on June 30, 2016 and August 4, 2016, at which Mituski was advised that she was to stay at Freebirds Solution Center for a minimum of ninety days and that she was to complete an exit interview before she left. *Appellant's App. Vol. II* at 95. On August 5, 2016, Mituski left the facility and did not return.

[10]    On August 9, 2016, the trial court issued a warrant for Mituski's arrest because she failed to remain at the Freebirds Solution Center for the 90-day period and failed to complete the exit interview. *Appellant's App. Vol. II* at 95-96. She was

arrested on the warrant on October 15, 2016, and held without bond. The trial court held a hearing on Mituski's violation of her stayed sentence, and at the hearing, evidence was presented that she (1) left the Freebirds Solution Center without receiving authorization to leave for more than an overnight, (2) did not having an exit interview, and (3) "hit a marijuana blunt two times," causing her to test positive on a drug screen on October 17, 2016. *Tr.* at 25, 33.

The trial court found that Mituski had violated the terms of her stayed sentence by using marijuana, not remaining at the Freebirds Solution Center for a minimum of ninety days, which would have been August 18, 2016, and by not completing her exit interview with the director. *Id*. at 35; *Appellant's App. Vol. II* at 102. The trial court revoked her previously-suspended sentence and ordered her to execute the remainder of her three years at the DOC. Mituski received 53 days of accrued time towards her sentence.[1] *Appellant's App. Vol. II* at 102. Mituski now appeals.

## Discussion and Decision

## I. Probation

Mituski contends that the trial court erred when it revoked her probation.[2] Probation is a conditional liberty that is a privilege, not a right. *Heaton v. State*,

---

[1] She was also held in contempt of court for disruptive behavior and ordered to serve a 60-day sentence at the Vigo County Jail. *Appellant's App. Vol. II* at 102.

[2] The State suggests that Mituski's challenge to the revocation of her probation is untimely and should not be considered, given that her initial appeal of the revocation was dismissed with prejudice to allow her to seek sentence modification, which the trial court granted, placing her at the Freebirds Solution Center residential

984 N.E.2d 614, 616 (Ind. 2013); *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). A probation revocation proceeding is in the nature of a civil proceeding, and, therefore, the alleged violation need be proved only by a preponderance of the evidence. *T.W. v. State*, 864 N.E.2d 361, 364 (Ind. Ct. App. 2007), *trans. denied*. Violation of a single condition of probation is sufficient to revoke probation. *Id.* As with other sufficiency issues, we do not reweigh the evidence or judge the credibility of witnesses. *Id.* We look only to the evidence that supports the judgment and any reasonable inferences flowing therefrom. *Id.* If there is substantial evidence of probative value to support the trial court's decision that the probationer committed any violation, revocation of probation is appropriate. *Id.*

[13] Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of a condition of probation actually occurred. *Heaton*, 984 N.E.2d at 616. Second, if a violation is found, then the trial court must determine the appropriate sanctions for the violation. *Id.* "[E]ven a probationer who admits the allegations against him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation." *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008).

---

treatment facility for a minimum of ninety days. She did not appeal the revocation of her probation until 194 days after it was revoked; thus, the State urges, she has forfeited her right to appeal the revocation issue. This court's order dismissing Mituski's first appeal without prejudice expressly stated, "Appellant may, after filing a new notice of appeal, raise the issues Appellant would have raised in this appeal along with any new issues created by the trial court's ruling(s) on remand." *See Appellate Docket* Case No. 84A01-1604-CR-977. Therefore, we will address Mituski's appeal of her probation revocation.

We review a trial court's decision to revoke probation and a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion. *Heaton*, 984 N.E.2d at 616; *Abernathy v. State*, 852 N.E.2d 1016, 1020 (Ind. Ct. App. 2006). An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before the court or when the trial court misinterprets the law. *Heaton*, 984 N.E.2d at 616.

[14] In accordance with Indiana Code section 35-38-2-3, a trial court has three options if a defendant violates probation. It may: (1) continue the defendant's probation; (2) extend the probationary period for not more than one year beyond the original probationary period; or (3) order execution of all or part of the suspended sentence. Ind. Code § 35-38-2-3(h). The imposition of an entire suspended sentence is well within the trial court's discretion. *Sanders v. State*, 825 N.E.2d 952, 957-58 (Ind. Ct. App. 2005), *trans. denied*.

[15] Here, the Rules of Informal Probation, signed by Mituski, provided that she agreed to complete 360 hours of community service within 540 days of the date of sentencing, which would have been on or about April 3, 2015. Mituski concedes that, at the March 31, 2016 hearing, she admitted that she failed to complete the required 360 hours of community service within the allotted time period. *Appellant's Br*. at 7. The record before us thus establishes that she violated her probation. *T.W.*, 864 N.E.2d at 364 (trial court may revoke probation for single violation of probation).

[16] Mituski argues that, even though she admitted to the allegations of the Second Petition to Revoke, "the violation should not have resulted in revocation[,]" because she presented mitigating evidence showing that revocation was not warranted. *Appellant's Br.* at 7. Specifically, she argues, she presented evidence that she transferred her community service obligation to Vanderburgh County, because she moved there, and then she learned that she incurred a transfer fee, which she could not pay, so she eventually moved back to Vigo County and requested additional time to complete the community service. She also suggests that it was mitigating that "there was confusion" as to whether she had 540 days or 1,089 days to complete her required 360 hours of community service, and, therefore, any violation from a failure to complete those hours should not have resulted in a revocation. *Id.* at 9. Given the record before us, we disagree.

[17] Here, the State filed a First Petition to Revoke in January 2014, alleging failure to pay fees. She failed to appear at two hearings, and a bench warrant was issued for her arrest. After it was served and she appeared in court, the trial court set another hearing on the First Petition to Revoke, and she failed to appear again, and another warrant was issued in August 2014. That remained pending until she was arrested in March 2016. Meanwhile, on September 9, 2015, the State filed the Second Petition to Revoke, alleging that Mituski violated the conditions of her probation by failing to complete her community service hours within the 540-day period and by not paying the community service fees within that same time period.

[18] At the March 31, 2016 revocation hearing on the Second Petition to Revoke, Mituski admitted the allegations of the petition, and the trial court revoked her probation and ordered her to serve the remainder of the previously-suspended three-year sentence, but thereafter stayed execution of the sentence, at Mituski's request, and directed that she be placed in a residential treatment facility. Mituski knew that she was to remain there for a minimum of ninety days and was to participate in an exit interview. She did neither. Instead, she left, did not return, and was discharged from the program. Mituski's claim that her mitigating evidence establishes that revocation was not warranted is a request for us to reweigh the evidence, which we will not do on appeal. *See Richardson v. State*, 890 N.E.2d 766, 768 (Ind. Ct. App. 2008) (in review of probation revocation proceedings, we do not reweigh evidence or judge credibility of witnesses).

[19] Mituski has failed to establish that the trial court's decision to revoke her probation and order her to serve the remainder of her three-year previously-suspended sentence was an abuse of discretion.[3]

---

[3] In opposing Mituski's appeal, the State argues that her challenge to the revocation is moot because, even if we found that it was an abuse of discretion to revoke probation, there is no effective relief that this court could render. That is, the State maintains, the trial court effectively resolved her challenge to the probation revocation when, on remand from this court, the trial court granted her request for sentence modification, stayed execution of her previously-suspended three-year sentence, and transferred her to Freebirds Solutions Center for at least ninety days. The State's position is that Mituski is not currently incarcerated based upon her probation violation; rather, she is incarcerated "because she violated the conditions of newly stayed sentence" by her failure to remain at the Freebirds Solution Center for ninety days and by not completing her exit interview. *Appellee's Br.* at 14 (citing *Tr.* at 35). Because we resolve Mituski's claim on its merits, we do not address the State's mootness argument.

## II. Accrued Credit Time

[20] Pursuant to Indiana Code sections 35-50-6-3.1 and 35-50-6-4, a person imprisoned for a crime or confined awaiting trial or sentencing earns one day of credit time for each day he is confined. "Determination of a defendant's pretrial credit is dependent upon (1) pretrial confinement, and (2) the pretrial confinement being a result of the criminal charge for which sentence is being imposed." *Hall v. State*, 944 N.E.2d 538, 542 (Ind. Ct. App. 2011), *trans. denied.* Here, the trial court's sentencing order and abstract indicate that Mituski received 53 actual days of "jail time credit." *Appellant's App. Vol. II*. at 102-03.

[21] Mituski asserts that the trial court did not properly calculate her accrued credit time for days she spent in jail or the DOC, which she asserts was 89 actual days. The State concedes that she may not have received the correct amount of accrued credit time and that remand is warranted to calculate the credit time and "clarify the precise amount of accrued time [Mituski] is entitled to." *Appellee's Br*. at 18. We thus remand with instructions for the trial court to re-calculate jail time credit and clarify if and to what extent the three-year sentence is reduced for accrued time.

[22] Affirmed in part, and remanded in part.

[23] Mathias, J., and Altice, J., concur.

---