**Andrew RICHARDSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 23A01–0802–CR–71.

Court of Appeals of Indiana.

July 25, 2008.

Rehearing Denied Oct. 23, 2008.

Kimberly A. Jackson, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Andrew Richardson appeals the trial court's order revoking his probation. Richardson raises one issue for our review, which we restate as follows: whether the State presented sufficient evidence to support the trial court's finding that Richardson violated a condition of his probation.

We reverse.

### FACTS AND PROCEDURAL HISTORY

On June 22, 2006, Richardson pleaded guilty to Child Molesting, as a Class C felony, for incidents of molest he committed against his then-seven-year-old daughter. On August 3, the trial court accepted Richardson's guilty plea and entered an order sentencing Richardson to eight years, with four years suspended to probation. The trial court ordered the terms of Richardson's probation to be in conformity with selected provisions of the State's "recommended terms for a sex offender," which the court both read aloud to Richardson and attached to its order. Appellant's App. at 18–23. Those terms did not include a jurisdictional limitation to Richardson's travel.

On Friday, November 30, 2007, at about 3:45 p.m., the Indiana Department of Correction released Richardson to probation after Richardson signed some documents. Among that paperwork was a document informing Richardson that he had "three working days to contact" his probation officer, Robin Hegg, "*in person*." Transcript Vol. 2 at 10 (capitalization removed); Def. Exh. A (emphasis original). The paperwork did not indicate a limitation to Richardson's travel. Upon release, Richardson moved in with his mother and stepfather in Owensboro, Kentucky. On Monday, December 3, Richardson registered with the Kentucky sex offender registry.

On Wednesday, December 5, Richardson called Hegg and informed her that he was living in Owensboro. Hegg told Richardson that he could not leave Indiana without filing additional paperwork and receiving various permissions, and Hegg and Richardson agreed to meet in person in Fountain County on December 10. Immediately following that conversation, Hegg filed a notice of probation violation against Richardson, alleging that he had "failed to contact probation by 12/4/07" and that he had gone out of state without permission. Appellant's App. at 29.

When Richardson arrived for his meeting with Hegg on December 10, the State arrested him. On January 10, 2007, the trial court held a hearing on Richardson's alleged probation violations. The court continued the hearing to allow Richardson to make arrangements for residence in Indiana. However, by the dispositional hearing of January 25, Richardson had not made those arrangements and had had his request to move to Kentucky denied by the Commonwealth. The court found that Richardson had "violated terms of sentence as alleged," although the court also orally noted that Richardson had not met with Hegg in person as instructed. *Id.* at 8 (capitalization removed); Transcript Vol. II at 25 (capitalization removed). The court then revoked Richardson's probation and ordered him to serve the nearly four-year portion of his remaining sentence. This appeal ensued.

## DISCUSSION AND DECISION

 Richardson contends that the State presented insufficient evidence to support the revocation of his probation. As this court has often stated:

> A probation revocation proceeding is in the nature of a civil proceeding, and, therefore, the alleged violation need be proved only by a preponderance of the evidence. *J.J.C. v. State,* 792 N.E.2d 85, 88 (Ind.Ct.App.2003). Violation of a single condition of probation is sufficient to revoke probation. *Id.* As with other sufficiency issues, we do not reweigh the evidence or judge the credibility of witnesses. *Id.* We look only to the evidence which supports the judgment and any reasonable inferences flowing therefrom. *Id.* If there is substantial evidence of probative value to support the trial court's decision that the probationer committed any violation, revocation of probation is appropriate. *Id.*

*T.W. v. State,* 864 N.E.2d 361, 364 (Ind.Ct. App.2007), *trans. denied.*

Here, the State alleged that Richardson violated the conditions of his probation in two instances. First, the State alleged that Richardson failed to timely report to his probation officer following his release from prison. Second, the State alleged that Richardson left Indiana without proper authorization. The trial court agreed with both allegations. We address each in turn.

Richardson timely reported to his probation officer. It is undisputed that Richardson was released from prison late in the afternoon of Friday, November 30, 2007, and that Richardson was, at that time, given "three working days" to contact

Hegg.[1] Transcript Vol. 2 at 10 (capitalization removed). On appeal, the State does not dispute—with good reason—Richardson's contention that three working days from Friday, November 30, 2007, was Wednesday, December 5, 2007. It is also not disputed that Richardson telephoned Hegg on Wednesday, December 5. By the plain terms of the directive given Richardson upon his release from prison, he timely contacted Hegg within three working days of his release.

Nonetheless, the State does assert that Richardson failed to report "in person" with Hegg as instructed. Appellee's Brief at 6. While the trial court seemed to agree with that position at the probation revocation proceeding, the State never alleged that Richardson violated his probation by not meeting Hegg in person. Rather, the State alleged only that Richardson had violated his probation because he had "failed to contact probation by 12/4/07" and because he had gone out of state without permission. Appellant's App. at 29. Having not alleged that Richardson violated his probation for failing to meet with Hegg in person, the State cannot now assert on appeal that the trial court's revocation of Richardson's probation is justified on that ground. *See, e.g., Isaac v. State,* 605 N.E.2d 144, 148 (Ind.1992) ("There are certain due process rights, of course, which inure to a probationer at a revocation hearing. These include written notice of the claimed violations, disclosure of the evidence against him, an opportunity to be heard and present evidence, the right to confront and cross-examine adverse witnesses, and a neutral and detached hearing body.") (citing *Gagnon v. Scarpelli,* 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer,* 408 U.S.

---

1. Richardson also argues that "[t]he Department of Correction's directive was not a condition of Richardson's probation" as it did not originate with either his probation officer or the trial court. Appellant's Brief at 9. Because we reverse on different grounds, we need not consider that argument.

471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)), *cert. denied,* 508 U.S. 922, 113 S.Ct. 2373, 124 L.Ed.2d 278 (1993).

Neither did Richardson violate the terms of his probation by leaving Indiana and living with his mother and stepfather in Kentucky. While it is certainly true that a trial court "may require" a probationer to "[r]emain within the jurisdiction of the court, unless granted permission to leave by the court or by the person's probation officer," Ind.Code § 35–38–2–2.3(a)(11) (2007), here the trial court imposed no such condition to Richardson's probation. Nor did Richardson agree to such a condition when he was released from prison. Indeed, Hegg testified that Richardson was first informed of the jurisdiction limitation when she spoke with him over the phone on December 5, 2007, the same day she filed her petition alleging the probation violations.[2]

In a recent case, our Supreme Court addressed whether a defendant was in violation of a condition of probation that required him to "never be alone with or have contact with any person under the age of 18." *Hunter v. State,* 883 N.E.2d 1161, 1162 (Ind.2008). Shortly after his release from the Department of Correction, the defendant in *Hunter* moved into a recreational vehicle next to some family, including his half-sister, her husband, and their three minor children. *Id.* Although the defendant "had been present on multiple occasions in the mobile home when the children arrived home from school," the defendant had no interaction with the children. *Id.* The State filed a notice of viola-

tion of a condition of probation, and the trial court revoked the defendant's probation. *Id.* at 1162. On appeal, our Supreme Court reversed, holding that "the condition lacked sufficient clarity to provide the defendant with fair notice that the conduct at issue would constitute a violation of probation." *Id.* at 1161.

Here, Richardson has been given even less notice than the defendant in *Hunter* had been given. Again, the condition of probation Hunter allegedly violated lacked the clarity necessary for Hunter to have "fair notice" that his conduct would be in violation of the conditions of his probation. *Id.* Neither the State nor the trial court informed Richardson of the alleged travel-restricting condition of probation. *Hunter* makes clear that a defendant may not be charged with the violation of a condition of probation about which the defendant has not been duly informed. Having never informed Richardson that the conditions of his probation limited his freedom to travel, the State has failed to provide Richardson with fair notice that such conduct would constitute a violation of probation. Accordingly, the State did not present sufficient evidence to support its petition against Richardson, and the trial court's order revoking Richardson's probation must be reversed.

Reversed.

DARDEN, J., and BROWN, J., concur.

---

**2.** The State argues that Richardson "knew before his release ... that paperwork must be completed by Probation in order for him to reside out of state while on probation." Appellee's Brief at 6. It is true that Richardson testified that, before his release from prison, he "was told that there was no paperwork for me to file [to go out of state and] that that was done by probation." Transcript Vol. II at 22

(capitalization removed). But that testimony is not equivalent to the State's suggestion that Richardson was aware either of a jurisdictional condition to his probation or of affirmative steps he had to take to avoid being in violation of the conditions of his probation. Accordingly, that snippet of testimony is insufficient to establish a probation violation.