**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 06 2012, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRIAN R. CHASTAIN**
Dillman, Chastain, Byrd, LLC
Corydon, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JOHN SCHOCKE, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No.  88A01-1107-CR-366 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE WASHINGTON CIRCUIT COURT
The Honorable Larry W. Medlock, Judge
Cause No. 88C01-0405-FB-184

**March 6, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant John Schocke appeals the revocation of his probation. Specifically, Schocke argues that the trial court erred when it revoked his probation and ordered that he serve the remainder of his suspended sentence. Finding that the trial court properly revoked Schocke's probation and ordered that he serve the remainder of his suspended sentence, we affirm.

FACTS

On July 1, 2004, Schocke pleaded guilty to class B felony attempted robbery under cause number 88C01-0405-FB-184 (FB-184) and class D felony battery under cause number 88C01-404-FD-142. The trial court sentenced Schocke to twenty years in the Indiana Department of Correction (DOC) with six years suspended to probation for attempted robbery and three years, running concurrently, executed to the DOC for battery.

On November 25, 2009, Schocke began his six-year probation term under cause number FB-184 in Washington County. The terms of Schocke's probation required that he report to the probation office at least once each month or more often if directed by the probation department. On November 25, 2009, the trial court granted Schocke's motion for transfer of probation to Clinton County.

On February 7, 2011, Schocke failed to attend a scheduled probation appointment with the Clinton County Probation Department. He called on February 8, 2011, and his probation officer rescheduled the appointment for the next day. Schocke then failed to attend the rescheduled appointment. On February 14, 2011, the probation department

mailed Schocke a letter to inform him that he had an appointment on February 21, 2011. Again, Schocke failed to report for the appointment.

On February 28, 2011, the State filed a petition to revoke Schocke's probation, alleging that he violated the terms of his probation when he failed to report for appointments on February 7, 9, and 21, 2011. Schocke finally contacted his probation officer on or about March 11, 2011, and the probation officer informed Schocke that she had filed a motion to revoke probation. After Schocke failed to appear at the hearing on the motion to revoke probation on April 21, 2011, the trial court issued a warrant for Schocke's arrest, and Schocke was arrested on June 17, 2011.

On July 7, 2011, the trial court held a probation revocation hearing. At the hearing, Schocke argued that he missed the first two appointments because his truck slid off the road following a winter storm, required towing, and he remained snowed-in. When the trial court requested documentation corroborating the tow, Schocke claimed the receipts were in his truck when it was stolen. He also claimed that he failed to receive notice of the third appointment because he did not have access to his mailbox after he had been evicted from his trailer. Following the hearing, the trial court revoked Schocke's probation. Schocke now appeals.

DISCUSSION AND DECISION

Schocke contends that the trial court erred when it revoked his probation. Specifically, he claims the trial court imposed on him a higher evidentiary burden than it did on the State, directing our attention the trial court's request for documentation to

3

corroborate his having been towed. Because he was unable to present the documentation, he claims that the trial court violated his due process right to present witnesses and documentary evidence.

On appeal, we review a trial court's probation revocation decision for an abuse of discretion. Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. Turner v. State, 953 N.E.2d 1039, 1045 (Ind. 2011). In reviewing a trial court's revocation decision, we do not reweigh the evidence or judge the credibility of witnesses. Mogg v. State, 918 N.E.2d 750, 759 (Ind. Ct. App. 2009). We only consider the evidence most favorable to the judgment, and we will affirm the trial court's revocation decision when finding substantial evidence supporting the trial court's revocation decision. Woods, 892 N.E.2d at 639-40.

Probation is not a right to which a criminal defendant is entitled, but a matter of grace left to the trial court's discretion. Prewitt, 878 N.E.2d at 188. A probation revocation hearing is in the nature of a civil action, and is not to be equated with an adversarial criminal proceeding. Grubb v. State, 734 N.E.2d 589, 591 (Ind. Ct. App. 2000). Due process requires, among other things, that a probationer is entitled to the opportunity to be heard in person and present witnesses and evidence. Woods, 892 N.E.2d at 640. A trial court has discretion to revoke probation if a violation of a probation condition occurs during the probationary period. Ind. Code § 35-38-2-3(a)(1); Cooper v. State, 917 N.E.2d 667, 671 (Ind. 2009). Violation of a single probation

4

condition is sufficient to support a revocation. <u>Richardson v. State</u>, 890 N.E.2d 766, 768 (Ind. Ct. App. 2008).

Here, the trial court did not impose a higher evidentiary burden on Schocke than it did on the State. The trial court permitted Schocke to testify as to why he failed to report for all three appointments. Tr. p. 8-9. A trial court is not required to believe a witness's testimony even when it is uncontradicted, <u>Thompson v. State</u>, 804 N.E.2d 1146, 1149 (Ind. 2004), and the trial court's request for corroborating documentation reflects that it disbelieved Schocke's testimony but was providing him with an opportunity to support his claims. Moreover, when afforded the opportunity, Schocke was unable to produce corroborating documentation, and therefore, the trial court did not violate Schocke's due process rights.

Regarding the trial court's decision to revoke Schocke's probation, Schocke admits that he "is in a difficult position" because he failed to report for probation appointments on February 7, 9, and 21, 2011. Appellant's Br. p. 9. Schocke's probation officer testified that Schocke missed three probation appointments, of which, the latter two had been rescheduled after Schocke missed the first appointment. Tr. p. 5. The terms of Schocke's probation required that he report for appointments as directed by the probation department. State's Ex. A. Thus, the trial court properly found that Schocke violated a condition of his probation, and we cannot conclude that the trial court abused its discretion when it revoked his probation.

5

Schocke next asserts that the trial court erred by ordering him to serve the remainder of his sentence in the DOC. A trial court may order execution of a suspended sentence upon a finding of a probation violation. Goonen v. State, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999); Ind. Code § 35-38-2-3(g) (providing that trial court may, upon finding of a probation violation, continue probation, extend probation, or order execution of all or part of the sentence suspended). Here, the trial court found that Schocke violated a term of his probation, and therefore, we conclude that the trial court's decision to order that Schocke execute the remainder of his suspended sentence was not an abuse of discretion.

The judgment of the trial court is affirmed.

DARDEN, J., and BAILEY, J., concur.