Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 22 2013, 9:34 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN T. WILSON**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JONATHAN R. SICHTERMANN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANDREW J.P. COX, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A05-1209-CR-451 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Thomas Newman Jr., Judge
Cause No. 48D03-0908-FB-266

**March 22, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

In April 2010, Andrew J.P. Cox ("Cox") pleaded guilty to Class B felony burglary, Class D felony theft, and Class A misdemeanor criminal mischief in Madison Circuit Court. He was sentenced to an aggregate of ten years with six years executed at the Madison County Work Release Facility and four years suspended. He was also placed on probation. In July 2012, the State filed a Notice of Probation Violation alleging that Cox had committed new criminal offenses, including: Class C felony burglary, Class D felony attempted theft, and Class A misdemeanor possession of marijuana. On August 6, 2012, the trial court revoked Cox's probation and ordered his remaining sentence executed in the Indiana Department of Correction. Cox now appeals and argues that the trial court erred by admitting the probable cause affidavit into evidence and argues that the evidence was insufficient to revoke his probation.

We affirm.

**Facts and Procedural History**

On April 26, 2010, Andrew J.P. Cox ("Cox") pleaded guilty to Class B felony burglary, Class D felony theft, and Class A misdemeanor criminal mischief. On May 10, 2010, Cox was sentenced to an aggregate of ten years with six years executed at the Madison County Work Release Facility and four years suspended. On June 20, 2011, at Cox's request, the trial court modified his sentence from work release to in-home detention for the balance of his sentence. On December 8, 2011, the State filed a Petition to Terminate In-Home Detention alleging that Cox was in arrears for services rendered by the Adult Probation Department. After Cox paid his fees in full, the State requested the court to vacate the hearing on the petition, and the trial court granted this request. On

2

January 30, 2012, at Cox's request, the trial court again modified his sentence, and he was released from in-home detention and placed on probation for the balance of his sentence.

On March 22, 2012, the State filed a Notice of Probation Violation alleging that Cox had failed "to abstain from the use of alcoholic beverage/illicit drugs" after he tested positive for the presence of marijuana and alcohol in his urine on or about March 8, 2012. Appellant's App. p. 24. On April 30, 2012, Cox admitted the violation, and the trial court found that he had violated his probation. Cox was ordered to return to Work Release for three months and then to return to probation for the balance of his sentence.

On July 20, 2012, the State filed another Notice of Probation Violation alleging that Cox had committed new criminal offenses, including: Class C felony burglary, Class D felony attempted theft, and Class A misdemeanor possession of marijuana. Appellant's App. p. 26. A hearing on the matter was held on July 31, 2012. At the hearing, Aura Baugh-Wallace ("Wallace") testified that on July 13, 2012, a neighbor informed her that two men were behind her parents' garage. When Wallace approached the garage, she observed Letarus Peeples ("Peeples") standing near the garage while Cox crawled out of a hole in the garage. Wallace confronted Cox, and he ran away down the street. Wallace called the police, and Officer Matthew Blakeley ("Officer Blakeley") arrived on the scene. After speaking with Wallace, and later Peeples, Officer Blakeley located Cox and placed him under arrest. During a pat-down search of Cox, Officer Blakeley discovered a plastic baggie with a green leafy substance that field-tested positive for marijuana. On August 6, 2012, the trial court found that Cox had violated the

conditions of his probation. The court then revoked his probation and ordered the sentence to be executed at the Indiana Department of Correction.

Cox now appeals. Additional facts will be provided as necessary.

**Discussion and Decision**

The trial court's decision whether to revoke probation is reviewed for an abuse of discretion. Rosa v. State, 832 N.E.2d 1119, 1121 (Ind. Ct. App. 2005). "An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances before the court." Id. If a person is found to have violated the terms of his probation, the trial court can "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(g)(3).

**I. Probable Cause Affidavit**

Cox argues that the trial court erred by admitting a probable cause affidavit into evidence, because it was inadmissible hearsay evidence. A trial court may consider hearsay evidence in a probation violation trial that would otherwise be impermissible in a criminal trial, if the hearsay evidence is substantially trustworthy. Reyes v. State, 868 N.E.2d 438, 442 (Ind. 2007) ("The substantial trustworthiness test requires that the trial court evaluate the reliability of the hearsay evidence."). Under the substantial trustworthiness test, the trial court must evaluate the hearsay evidence for sufficient indicia of reliability. Robinson v. State, 955 N.E.2d 228, 232 (Ind. Ct. App. 2011). "Ideally, the trial court should explain on the record why the hearsay is reliable and why that reliability is substantial enough to supply good cause for not producing live

4

witnesses." Id. at 232 (quoting United States v. Kelley, 446 F.3d 688, 693 (7th Cir. 2006)) (internal quotation marks omitted).

Here, Cox failed to make a contemporaneous objection at the time the probable cause affidavit was introduced at trial,[1] and as a result, he has waived this issue on appeal. Brown v. State, 783 N.E.2d 1121, 1125 (Ind. 2003). Yet, Cox also argues that the error was fundamental error, and "[a] claim that has been waived by a defendant's failure to raise a contemporaneous objection can be reviewed on appeal if the reviewing court determines that a fundamental error occurred." Brown v. State, 929 N.E.2d 204, 207 (Ind. 2010). However, "[t]he fundamental error exception is 'extremely narrow, and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process.'" Id. (quoting Mathews v. State, 849 N.E.2d 578, 587 (Ind. 2006)). The error must rise to the level that a fair trial is impossible or that is "'clearly blatant violations of basic and elementary principles of due process.'" Id. (quoting Clark v. State, 915 N.E.2d 126, 131 (Ind. 2009)). "This exception is available only in 'egregious circumstances.'" Id. (quoting Brown v. State, 799 N.E.2d 1064, 1068 (Ind. 2003)).

In Whatley v. State, we held that the probable cause affidavit that was prepared and signed by a detective bore substantial indicia of reliability. 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006). Here, the probable cause affidavit was prepared by the arresting officer, Officer Blakeley, on the day of the offense, and it was signed and dated under penalties of perjury. Thus, the error, if any, did not rise to the level such that a fair trial was impossible or such that it was a blatant violation of basic due process principles. For

---

[1] In fact, Cox affirmatively stated "No objection" to the admission of the affidavit. Tr. p. 39.

5

all these reasons, we conclude that the trial court did not commit fundamental error in allowing the admission of the probable cause affidavit.

## II. Insufficient Evidence

Cox argues that there was insufficient evidence for the trial court to revoke his probation. When the sufficiency of evidence is challenged, we will neither "reweigh the evidence nor reassess witness credibility." Whatley, 847 N.E.2d at 1010 (citing Marsh v. State, 818 N.E.2d 143, 148 (Ind. Ct. App. 2004)). Rather, we look to the evidence most favorable to the State and affirm the judgment if "there is substantial evidence of probative value supporting revocation." Id.

The State's burden of proof regarding alleged probation violations is proof by a preponderance of the evidence. Id. Moreover, our supreme court recently clarified that when the State alleges that the defendant violated probation by committing a new criminal offense, the State has to prove that the defendant committed the offense by a preponderance of the evidence.[2] See Heaton v. State, No. 48S02-1206-CR-350 (March 5, 2013) (citing Ind. Code section 35-38-2-3(e)). In Heaton, the State argued at trial that a preponderance of the evidence supported the allegation of the criminal offense; however, the trial court referenced the probable cause standard in its order. Thus, our supreme court found the record was "unclear as to which standard the trial court actually applied in determining whether the defendant had committed a new criminal offense,"

---

[2] Prior to our supreme court's decision in Heaton, there was ambiguity in the case law regarding whether the commission of new criminal offense had to be established by the preponderance of the evidence or by probable cause.

and, therefore, remanded "the case to the trial court for reconsideration of whether the defendant violated her probation." Id. at slip op. no. 5.

Thus, we must first address whether the trial court in this case used the correct standard of review. The State argued on appeal[3] that it was only required to prove the criminal offenses by probable cause; however, at trial, the State argued that a "preponderance of the evidence" established that Cox had committed the offenses. Tr. p. 40. The trial court then subsequently found that Cox "violated conditions of his probation in that he committed burglary, attempted theft, possession of marijuana . . . ." Id. at 41. Though the trial court did not expressly state[4] that it found Cox had committed the criminal offenses by a *preponderance of the evidence*, the court did find that "defendant violated conditions of his probation by preponderance of the evidence" and, unlike the trial court in Heaton, it never mentioned the probable cause standard. See Appellant's App. pp. 7, 29. Thus, the record supports that the trial court used the preponderance of the evidence standard.

Now that we have concluded that the trial court used the correct standard, we turn to whether there was sufficient evidence for the trial court to conclude by a preponderance of the evidence that the criminal offenses occurred and that Cox's probation should be revoked. Here, the evidence most favorable to the judgment shows that on July 13, 2012 a neighbor alerted Wallace that two men were behind her parents' garage messing with a lawnmower. Tr. p. 25. When Wallace went to inspect the garage,

---

[3] The parties' briefs in this case were submitted prior to our supreme court's decision in Heaton.

[4] We do strongly recommend that trial courts in the future clearly state that they have found that the defendant committed the criminal offenses by a preponderance of the evidence.

she observed Peeples standing near the garage and observed Cox, whom she recognized as her younger brother's friend, crawling out of a hole in the garage. The hole had not been there previously. When she confronted Cox, he ran off down the street. She then called the police, and Officer Blakeley arrived on the scene. After speaking with Wallace, Officer Blakeley spoke with Peeples, who informed him that Cox pulled the boards off the garage to create a hole big enough to crawl into the garage. When Officer Blakeley located Cox, Cox fled into a nearby apartment. Officer Blakeley pursued him and subsequently placed Cox under arrest.

Cox argues there was insufficient evidence for the trial court to conclude by a preponderance of the evidence that he committed burglary and attempted theft, because there was no evidence he intended to a commit a felony therein or attempted to steal anything. Appellant's Br. at 9. However, the intent to commit a felony may be inferred from the circumstances. Gilliam v. State, 508 N.E.2d 1270, 1271 (Ind. 1987). Here, there was evidence that Cox messed with the lawnmower by the garage, that he created the hole in the garage, and that he fled after Wallace caught him crawling out of the hole in her parents' garage. Moreover, Wallace also testified that approximately an hour prior to incident, Cox had "wanted a ride to go break into somebody else's house[.]" Tr. p 28. This was sufficient evidence to support the trial court's finding that Cox committed burglary and attempted theft.

Cox also argues there was insufficient evidence that he committed possession of marijuana because the only evidence that he committed possession of marijuana was in the probable cause affidavit. However, we need not reach this issue, because regardless

8

of whether there was sufficient evidence to support that Cox committed possession of marijuana, a violation of a single condition of probation is sufficient to revoke probation. Jenkins v. State, 956 N.E.2d 146, 149 (Ind. Ct. App. 2011), trans. denied (citing Richardson v. State, 890 N.E.2d 766, 768 (Ind. Ct. App. 2008)). Here, the trial court's conclusion that burglary and theft had been committed was sufficient evidence to revoke Cox's probation.[5] For all these reasons, we conclude that the trial court did not abuse its discretion when it concluded by a preponderance of the evidence that Cox violated his probation.

## Conclusion

The trial court did not err by admitting the probable cause affidavit, and the trial court did not abuse its discretion by finding there was sufficient evidence to revoke Cox's probation.

Affirmed.

CRONE, J., concurs.

KIRSCH, J., dissents with separate opinion.

---

[5] In Heaton, the State asserted that the probation revocation should be affirmed because the defendant did not contest the trial court's findings that the defendant had violated other conditions of probation. Slip op. no. 5. Our supreme court noted that probation may be revoked on evidence of a violation of a single condition but held that remand was appropriate in that case because the remaining violations were technical in nature and "the selection of an appropriate sanction will depend upon the severity of the defendant's probation violation[.]" Id. Here, the remaining violations found by the trial court were not technical in nature but rather were serious criminal offenses; therefore, we need not remand the case.

9

# IN THE
# COURT OF APPEALS OF INDIANA

ANDREW J.P. COX,           )
                                        )

     Appellant-Defendant,       )
                                        )

          vs.                      )      No. 49A05-1209-CR-451
                                          )

STATE OF INDIANA,          )
                                        )

     Appellee-Plaintiff.        )

**KIRSCH, Judge,** *dissenting.*

I respectfully dissent.

The due process requirements of a probation revocation proceeding are well-established: Due process requires a written statement by the fact finder regarding the evidence relied upon and the reasons for revoking probation. *Terrell v. State*, 886 N.E.2d 98, 100-01 (Ind. Ct. App. 2008) (citing *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997) (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972))), *trans. denied*. This requirement is imposed on trial courts to promote accurate fact finding and to ensure the accurate review of revocation decisions. *Hubbard v. State*, 683 N.E.2d 618, 620-21 (Ind. Ct. App. 1997). The rationale underlying the writing requirement in probation revocation proceedings has its genesis in *Morrissey* where the United States Supreme Court concluded that while an informal hearing structure is permissible for parole revocation proceedings, it still must comport with basic notions of due process, including *a written statement by the fact finders as to the evidence relied on and the reasons for revoking*

*parole*. 408 U.S. at 488-89 (emphasis added). In *Gagnon v. Scarpelli*, the Supreme Court applied the *Morrissey* holding to probation revocation proceedings, holding that for purposes of due process analysis, the two proceedings are the same. 411 U.S. 778, 782 (1973). Our Supreme Court in *Medicus v. State*, 664 N.E.2d 1163 (Ind. 1996), applied the *Gagnon* rule to probation revocation proceedings. *Id*. at 1164-65.

Here, the trial court failed to enter findings of fact regarding the evidence upon which it relied and its reasons for revoking probation. Rather, it merely made the conclusory finding that the defendant violated the conditions of his probation. In failing to make a written statement regarding the evidence relied upon and the reasons for revoking probation, the trial court failed to satisfy the due process requirements. Accordingly, I would vacate the trial court's order of revocation and remand with instructions.