**Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**RYAN W. TANSELLE**
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

FILED

Apr 04 2013, 9:19 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRIAN G. SACHS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  32A01-1209-CR-421 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Karen M. Love, Judge
Cause No. 32D03-0804-FA-3

**April 4, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Brian G. Sachs appeals the trial court's revocation of his probation.

We affirm.

ISSUE

Whether the trial court abused its discretion by ordering Sachs to serve a portion of his previously suspended sentence.

FACTS

On April 28, 2008, the State charged Sachs with various offenses based on his actions involving his thirteen-year-old step-sister. Specifically, the State charged Sachs with: Count 1, child molesting as a Class A felony; Count 2, child molesting as a Class C felony; Counts 3-12, possession of child pornography, each as a Class D felony; and Count 13, voyeurism as a Class B misdemeanor. On May 21, 2008, the State filed a motion to seal Counts 14-46, which charged Sachs with possession of child pornography. That same day, the State also filed a motion to dismiss Counts 3-12. The trial court granted both of the State's motions.

On June 15, 2009, Sachs entered into a written plea agreement, wherein he agreed to plead guilty to the child molesting charge in Count 1 but amended to a Class B felony, and the State agreed to dismiss the remaining thirty-five charges. Sachs and the State also agreed to a specific sentence of "3650 DAYS TO BE SERVED WITH 2190 DAYS EXECUTED TO BE SERVED AT THE INDIANA DEPARTMENT OF CORRECTION AND 1460 DAYS SUSPENDED AND ON PROBATON WITH SEX OFFENDER TERMS." (App. 100-01). The trial court accepted Sach's guilty plea and sentenced him,

2

according to the plea agreement, to ten (10) years with four (4) years suspended to probation. Under the terms of his probation required for sex offenders, Sachs was prohibited from possessing "obscene matter[,]" including videos, magazines, books, and DVDs. (App. 105). Sachs was also required to submit to random home visits and searches.

Sachs started his probationary term in January 2011. In May 2012, probation officers went to Sachs's house for a home visit. During a search of Sachs's house, the officers discovered "a collector's edition of The Best Of Hustler Cartoons Volume I" and "several pornographic DVD's." (App. 146). The State then filed a notice of probation violation, alleging that Sachs had violated probation by possessing obscene matter at his residence.

During Sachs's probation violation hearing, he admitted that he violated the terms of his probation by possessing pornography. The trial court revoked Sach's probation and ordered him to serve 1,200 days of his previously suspended 1,460 day sentence.

## DECISION

Sachs does not challenge the trial court's determination that he violated his probation. Instead, Sachs argues that the trial court abused its discretion by ordering him to serve 1,200 days of his previously suspended 1,460-day sentence. Specifically, he contends that the trial court's order that he serve part of his suspended sentence was an abuse of discretion because it was based upon a single probation violation, which was not a new criminal offense.

3

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Id.*; *see also* Ind. Code § 35–38–2–3. Indeed, violation of a single condition of probation is sufficient to revoke probation. *Richardson v. State*, 890 N.E.2d 766, 768 (Ind. Ct. App. 2008), *reh'g denied*. Upon determining that a probationer has violated a condition of probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." I.C. § 35–38–2–3(h)(3). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt*, 878 N.E.2d at 188. "If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id.* As a result, we review a trial court's sentencing decision from a probation revocation for an abuse of discretion. *Id.* (citing *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

Here, Sachs, who was twenty-one years old at the time of his offense, was convicted of Class B felony child molesting for having sexual intercourse with his thirteen-year-old step-sister. Pursuant to his plea agreement, the trial court sentenced him to the advisory term for a Class B felony of ten years but suspended four of those years to probation. While on probation, Sachs was found in possession of pornographic DVDs,

4

which was in violation of a specific probationary condition for sex offenders that he not possess obscene materials. Sachs admitted that he possessed pornographic material and that he violated his probation. Based on the facts of this case, we conclude that the trial court did not abuse its discretion by ordering Sachs to serve a portion of his previously suspended sentence. *See, e.g.*, *Peterson v. State*, 909 N.E.2d 494, 499–500 (Ind. Ct. App. 2009) (holding that the trial court did not abuse its discretion by revoking the defendant's entire suspended sentence when he violated probation at the end of his probationary period by viewing pornography in violation of his treatment contract and conditions of probation). For the foregoing reasons, we affirm the trial court's revocation of Sach's probation.

Affirmed.

KIRSCH, J., and VAIDIK, J., concur.