**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 24 2014, 6:18 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW D. ANGLEMEYER**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WESLEY LEE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  49A02-1305-CR-467 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Jeffrey Marchal, Commissioner
Cause No. 49G06-1106-FC-40784

**January 24, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Wesley Lee ("Lee") appeals the trial court's revocation of his probation.

We affirm.

## ISSUE

Whether the trial court abused its discretion by ordering Lee to serve a portion of his previously suspended sentence.

## FACTS

In June 2011, the State charged Lee—who had already been convicted of Class A misdemeanor invasion of privacy and ordered to complete 120 hours of community service—with Class C felony forgery and Class D felony obstruction of justice based on the allegation that Lee had falsified his community service compliance sheet and submitted it to Marion Superior Criminal Court 17. The trial court held a bench trial in September 2011 and found Lee guilty as charged. The trial court sentenced Lee on the forgery conviction only and imposed a seven (7) year sentence, with two (2) years executed in community corrections, five (5) years suspended, and three (3) years on non-reporting probation.

While Lee was serving his time on community corrections, the State filed three notices of violations of community corrections based on Lee being arrested and charged with domestic battery against his wife, Elizabeth Lee ("Elizabeth"), in December 2011, March 2012, and June 2012. After these charges were dismissed, the State withdrew these violation notices. The State also filed a notice of violations of community corrections alleging that Lee failed to comply with work release rules and regulations by

2

failing to sign his work release contract. Lee eventually completed his community corrections with electronic monitoring on September 18, 2012 and then started his three-year probation.

On September 25, 2012, a mere seven days into his probationary period, Lee was arrested and charged with Class A misdemeanor domestic battery and with Class A misdemeanor battery against Elizabeth. The State filed a notice of probation violation in October 2012 but later withdrew it on November 8, 2012.

On November 28, 2012, the State filed a notice of probation violation, alleging that Lee had been arrested and charged with domestic battery, battery, and criminal confinement against Elizabeth on or about November 21, 2012. On January 16, 2013, the State filed an amended notice of probation violation to add the allegation that Lee had been arrested and charged with obstruction of justice and attempted obstruction of justice on January 9, 2013.

On February 14, 2013, the trial court held a probation revocation hearing on the obstruction of justice allegation and determined that the State failed to prove that Lee had violated his probation based on this allegation.

On March 28, 2013, the State filed an additional notice of probation violation, alleging that Lee had been arrested and charged with domestic battery, battery, and battery by bodily waste against Elizabeth on March 17, 2013. The State also alleged that

3

Lee had committed domestic battery and criminal confinement on or about November 21, 2012.[1]

On May 9, 2013, the trial court held a probation revocation hearing on the allegations that Lee had violated probation by committing additional criminal offenses in November 2012 and March 2013. The State presented Elizabeth and Indianapolis Metropolitan Police Officer Andrew Tyler ("Officer Tyler") as witnesses. Elizabeth testified that, when she was at home with Lee in November 2012, Lee hit her and threw her to the floor, causing her pain. She also testified that Lee tried to hit her with a chair, and she hid under a desk. Lee cornered Elizabeth and did not let her leave the house. Elizabeth called the police, and Officer Tyler responded to the scene, where he found Elizabeth crying, shaking, and visibly upset. Officer Tyler testified that he was familiar with Lee and Elizabeth because he had made approximately twenty police runs to their house.

Elizabeth also testified that she and Lee got into an argument in March 2013 that resulted in Lee poking her in the back of her head and accusing her of being with another man. Elizabeth testified that Lee told her that she should leave the house or she "would never be able to leave again." (Tr. 11). Elizabeth again called the police. She testified that when the police arrived, Lee spat in her face.

The trial court determined that Lee had violated his probation by committing domestic battery and criminal confinement in November 2012 and battery by bodily

---

[1] The State noted that, although the criminal charges stemming from Lee's arrest in November 2012 had been dismissed, the State still maintained that Lee committed these offenses while on probation.

waste in March 2013. The trial court revoked Lee's probation and ordered him to serve four (4) years of his previously suspended five (5) year sentence. Lee now appeals.

DECISION

Lee does not challenge the trial court's determination that he violated his probation. Instead, Lee argues that the trial court abused its discretion by ordering him to serve four years of his previously suspended five-year sentence. Specifically, he contends that the trial court's order that he serve part of his suspended sentence was an abuse of discretion because "[t]he violations here, although disrespectful, were not an egregious physical attack" and because his criminal history did not warrant him serving any suspended time. (Lee's Br. 3). We disagree.

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Id.*; *see also* Ind. Code § 35–38–2–3. Indeed, violation of a single condition of probation is sufficient to revoke probation. *Richardson v. State*, 890 N.E.2d 766, 768 (Ind. Ct. App. 2008), *reh'g denied*. Upon determining that a probationer has violated a condition of probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." I.C. § 35–38–2–3(h)(3). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt*, 878 N.E.2d at 188. "If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to

5

order probation to future defendants." *Id.* As a result, we review a trial court's sentencing decision from a probation revocation for an abuse of discretion. *Id.* (citing *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

The record reveals that the trial court had ample basis for its decision to order Lee to serve four years of his five-year suspended sentence. Lee—who was fifty years old at the time of his underlying offense at issue in this case—was convicted of Class C felony forgery after he had another person sign the name of a church leader on Lee's community service compliance sheet to falsely indicate that Lee had completed 120 hours of court-ordered community service. Lee then submitted the falsified form to Marion Superior Criminal Court 17 in an attempt to mislead the court into believing that he had completed his community service.

Lee has a criminal history dating back to 1987, when he was twenty-six years old. From that time until the time of his probation revocation hearing, Lee had amassed fourteen convictions (including five felony convictions) in Indiana and Texas. Lee has a prior battery conviction in Indiana and has convictions in Texas for assault causing bodily injury, assault causing bodily injury to a family member, and terroristic threat. Lee has previously had his probation revoked in two different cases. Additionally, Lee has been arrested multiple times for allegations that he battered Elizabeth, many of these occurring both while he was serving his executed time on community corrections and while on probation in this case. While these arrests may not have resulted in convictions,

these repeated battery arrests and prior battery and assault convictions are reflective of a larger problem of anger issues and domestic violence. Indeed, Lee's criminal history and failure to complete prior probation attempts show Lee's lack of respect for the law and failure to reform.

There is no dispute that Lee violated his probation by committing additional offenses while on probation. We reject Lee's attempt to minimize the fact that he violated his probation by arguing that his battery violations against his wife and his criminal history were not that bad. Based on the record before us, we conclude that the trial court did not abuse its discretion by ordering Lee to serve a portion of his previously suspended sentence. For the foregoing reasons, we affirm the trial court's revocation of Lee's probation.

Affirmed.

MATHIAS, J., and BRADFORD, J., concur.