**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**RICHARD WALKER**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TIMOTHY W. WOOLUM, SR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  48A02-1306-CR-560 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48D01-0504-FA-115

**February 21, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

On occasion, the evidence will convince the trial court that the least restrictive placement for one who violates probation is not the most appropriate sanction. Appellant-defendant Timothy Woolum Sr. appeals the revocation of his probation. More particularly, he argues that the trial court should have considered placement in community corrections rather than executing the remainder of his suspended sentence in the Indiana Department of Corrections (DOC). Finding that the trial court properly revoked Woolum's probation and ordered him to serve the remainder of his suspended sentence in the DOC, we affirm.

FACTS

On December 27, 2005, Woolum, pursuant to a plea agreement, pleaded guilty to class B felony dealing in cocaine. The trial court sentenced Woolum to sixteen years in the DOC, with thirteen years executed and three years suspended. The trial court ordered that, upon release from the executed portion of the sentence, Woolum be placed on probation for three years. Woolum was released from the DOC on August 31, 2010 and began serving his probation.

On March 10, 2013, Trooper Nathan Rainey of the Indiana State Police was contacted by the Department of Child Services (DCS); the DCS told Trooper Rainey that it had received a report that methamphetamine was being manufactured in a house in Anderson, a home where children were present. Trooper Rainey went to investigate and detected the odor of an organic solvent emanating from the house. He spoke to Michael Sheets, who was living in the home, and ordered all of the individuals inside the home to

2

come outside. Trooper Rainey conducted a protective sweep of the home and saw methamphetamine in plain view on a coffee table. He then obtained a search warrant for the residence, which produced lithium batteries, soiled coffee filters, pseudoephedrine blister packs, burnt foils, drain cleaner, and rye. Trooper Rainey arrested everyone inside the home.

About a week later, Trooper Rainey saw Woolum on the front porch of the house as he drove by. He stopped and spoke to Woolum, who told him that he was living in the house and that he had not known what Sheets was doing in the home.

On April 17, 2013, Trooper Rainey went to a Payless store in Anderson to check on some receipts for lithium batteries he had found in the house. The Payless surveillance camera showed that Woolum had purchased the lithium batteries. Upon discovering that Woolum had made this purchase, Trooper Rainey contacted Woolum's probation officer, Tony New, and informed him that he intended to interview Woolum in connection with the case against Sheets. New asked Trooper Rainey to allow him to conduct a home visit before interviewing Woolum. New and Trooper Rainey attempted to conduct a home visit on April 17, 2013, but Woolum was not at home.

Officer Rainey returned to the home the following day, along with New, Trooper Skylar Whittington, and Trooper David Preston, a canine officer with the Indiana State Police. The Troopers knocked on the front door, and when Woolum saw them, he attempted to go out the back of the house. However, some officers had placed themselves behind the house, and Woolum, upon seeing them, went back into the home

3

and spoke to New at the front door. Woolum gave New permission for Trooper Preston to walk the canine through the house, where the dog alerted twice.

Woolum had a plastic straw in his pocket that tested positive for methamphetamine residue. Additionally, the police found ten pseudoephedrine pills in a plastic bag, methamphetamine product in a bag, scales, marijuana, lithium batteries, soiled coffee filters that tested positive for marijuana, and twenty grams of an unknown substance. Woolum later admitted that he had known there was marijuana in the home, and that, if he were tested, he would test positive for hydrocodone. The coffee filters found that day also tested positive for methamphetamine.

On April 29, 2013, the State filed a notice of probation violation. On May 28, 2013, an evidentiary hearing was conducted. At the evidentiary hearing, Woolum asked the trial court to consider placement in the Madison County Drug Program. The trial court stated that Woolum could have his attorney speak "to the prosecutor about whether or not Drug Court ought to be appropriate . . . but on the probations case you have three years of exposure and that's going to be revoked." Tr. p. 48-49. At the conclusion of the hearing, the trial court found that Woolum had violated his probation by testing positive for methamphetamine, opiates, and cannabinoids and by committing new criminal offenses. The trial court revoked Woolum's probation and executed the remaining three-year term in the DOC.

Woolum now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

On appeal, we review a trial court's probation revocation decision for an abuse of discretion. Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. Turner v. State, 953 N.E.2d 1039, 1045 (Ind. 2011). In reviewing a trial court's revocation decision, we do not reweigh the evidence or judge the credibility of witnesses. Mogg v. State, 918 N.E.2d 750, 759 (Ind. Ct. App. 2009). We only consider the evidence most favorable to the judgment, and we will affirm the trial court's revocation decision when finding substantial evidence supporting the trial court's revocation decision. Woods v. State, 892 N.E.2d 637, 639-40 (Ind. 2008).

Probation is not a right to which a criminal defendant is entitled, but a matter of grace left to the trial court's discretion. Prewitt, 878 N.E.2d at 188. A probation revocation hearing is in the nature of a civil action and is not to be equated with an adversarial criminal proceeding. Grubb v. State, 734 N.E.2d 589, 591 (Ind. Ct. App. 2000). A trial court has discretion to revoke probation if a violation of a probation condition occurs during the probationary period. Ind. Code § 35-38-2-3(a)(1); Cooper v. State, 917 N.E.2d 667, 671 (Ind. 2009). Violation of a single probation condition is sufficient to support a revocation. Richardson v. State, 890 N.E.2d 766, 768 (Ind. Ct. App. 2008).

## II. Revocation of Probation

Woolum argues that the trial court abused its discretion in sentencing him to the DOC. He contends that, because he was gainfully employed following his incarceration, the court should have considered placement in community corrections.

Woolum's argument that the trial court abused its discretion in sentencing him to serve his executed sentence at the DOC is in contradiction with the principles behind probation and placement in corrections programs. Placement in a community corrections program, as with probation, is a "matter of grace" and a "conditional liberty;" it is not a right. Million v. State, 646, N.E.2d 998, 1002 (Ind. Ct. App. 1995). Placement in a community corrections program is an alternative to a commitment at the DOC, and such placement is made at the sole discretion of the trial court. Id.

Furthermore, the trial court did consider placement in community corrections. The trial court took notice of Woolum's request to be placed with the Madison County Drug Court Program. Tr. p. 47. However, the trial court heard evidence that Woolum had already completed some drug counseling, and yet determined that he was still "heavily involved in meth use." Id. at 48-49. The trial court advised Woolum that his attorney could speak to the prosecutor about whether Drug Court was appropriate but determined that Woolum should return to the DOC. The trial court determined that Woolum had violated his probation by testing positively for drugs and committing new criminal offenses and acted within its discretion in revoking Woolum's probation and sentencing him to serve his executed sentence at the DOC.

The judgment of the trial court is affirmed.

NAJAM, J., concurs, and CRONE, J., concurs in result.