## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 15 2018, 6:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffrey W. Elftman
Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher Symons,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 15, 2018

Court of Appeals Case No.
18A-CR-775

Appeal from the Howard Superior Court

The Honorable William C. Menges, Jr., Judge

Trial Court Cause No.
34D01-1502-F4-184

**Robb, Judge.**

# Case Summary and Issue

[1] Christopher Symons' probation was revoked, and he was ordered to serve the entirety of his previously suspended six and one-half year sentence at the Indiana Department of Correction. Symons appeals the trial court's order, raising only one issue for our review: whether the trial court abused its discretion in determining his sanction for the probation violation. Concluding the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History

[2] On February 24, 2015, Symons was charged with dealing in methamphetamine, a Level 4 felony, neglect of a dependent, a Level 5 felony, and possession of chemical reagents or precursors with intent to manufacture a controlled substance, a Level 6 felony. On October 13, Symons pleaded guilty to dealing in methamphetamine, a Level 4 felony, in exchange for the State dismissing the remaining charges and Symons was sentenced to 3,650 days of which 2,190 were to be executed with 1,960 days suspended to probation.

[3] While incarcerated, Symons completed the Therapeutic Community Program and the trial court granted Symons' petition for a sentence modification on March 17, 2017. The terms of his sentence modification required Symons to enroll in community corrections and probation. As a special condition of his probation and the Community Transition Program, Symons was required to

participate in electronic bracelet monitoring, day reporting, and to enroll in the Howard County Re-Entry Court Program.

[4] The Howard County Re-Entry Court Program is "a highly-supervised rehabilitative program available, for a maximum of three years, to individuals on parole, probation, and community transition, as well as those in Community Corrections due to a sentence reduction or modification." Brief of Appellee at 6. The re-entry court requires participants, among other things, to regularly report to caseworkers, participate in substance abuse treatment and counseling, comply with the terms of their case and treatment plans, abstain from using or possessing controlled substances, submit to regular drug testing, obtain employment, submit to searches of their persons and property, and refrain from committing criminal offenses. *See id.* During the seven months Symons was enrolled in the program, he traveled to unauthorized locations and misrepresented the numbers of hours he had worked.

[5] On November 22, 2017, the trial court found Symons had absconded from the re-entry court and terminated him from the program. The same day, the State filed a petition to revoke Symons' probation, alleging Symons' failure to successfully complete re-entry court violated the conditions of his sentence modification order. Symons initially agreed to plead true to the violation in exchange for being placed on a direct commitment to in-home detention for the remainder of his suspended sentence. However, on January 11, 2018, his probation officer, Megan Enright, filed a report with the trial court recommending the trial court reject the plea agreement, stating:

> While [Symons] was on the Howard County Re-Entry Program
> he was on a GPS bracelet with specific rules that he needed to
> follow. [Symons] was out of place on numerous occasions while
> on the bracelet and was sanctioned for these actions. [Symons]
> continued to disregard the rules after he served the sanction[s]
> and continued to go where he wanted to go, when he wanted to
> go regardless of if he had permission or not.

Appellant's Appendix, Volume 2 at 97. Enright concluded, "[Symons] is being set up for failure as he has already proven to the Court that he won't follow the rules of the CTP/In Home Detention Program." *Id.*

[6] At a probation revocation hearing on February 8, 2018, the trial court followed Enright's recommendation by rejecting Symons' proposed plea agreement and Symons indicated that he would plead true to the violation without a plea agreement. Symons then admitted to the violation and the trial court found that he had violated the terms of his probation. Proceeding to disposition of the violation, Symons testified on his own behalf, stating:

> On the Re-entry Program, I was, it was just myself and my three
> boys that I was taking care of, so, you know, a lot of this stems
> back to, you know, the out of places where, you know, a lot of
> guys being allowed to go to the gas station. I had no one
> currently to, you know, to take the vehicle in and fill and [sic] it
> up with gas. You know, I was driving a hundred miles a day,
> you know, just back and forth to work was, you know, forty
> miles there, forty miles back so . . . .

Transcript, Volume II at 24. As for the other violation of misrepresenting the number of hours that he had worked, Symons stated:

There was a mishap with some miscommunication with me writing how many hours I had worked one week and, you know, that was part of the, you know, violating the rules on Re-entry . . . .

*Id.* at 25. After hearing arguments regarding possible sanctions for Symons' violations, the trial court concluded:

As I recall, Mr. Symons didn't have any problem passing any of the drug screens during the period of time that he was on Re-entry. One of the issues that we have since all substance abuse assessment tools are basically self-reporting, we have an individual who's originally charged with Dealing in Methamphetamine and the question becomes is he a methamphetamine addict or is he a methamphetamine dealer? And a lot of folks are claiming that they are addicts and they want a chance to deal with their addiction and so we send them to the Therapeutic Community where instead of serving a prison sentence that they might otherwise deserve as a drug dealer, they get out upon successful completion and go into the Re-entry Program. One of the things that I've noticed during the course of the Re-entry Program is that addicts are much more successful than drug dealers because drug dealers are there solely because of criminal thinking and their drug use has been incidental to that and generally speaking, that sorts itself out pretty quickly. And in fact, in Mr. Symons' case, he was violated before he even completed the CTP. I think what that shows is that the State of Indiana was correct back in 2015 when they charged him with Dealing in Methamphetamine, that he is a methamphetamine dealer, not a drug addict. And, you know, we gave him a tremendous opportunity by letting him out of prison when he still had 2,691 days hanging over his head. It's no reason to believe that there's anything that we can offer in this community that's going to be of benefit to Mr. Symons. Accordingly, I'm going to impose the balance of the Defendant's suspended sentence, which the court finds . . . as of today, is 2,408 days . . . .

*Id.* at 27-28.  Symons now appeals.

# Discussion and Decision

## I. Standard of Review

[7] It is well settled that:

> Probation is a matter of grace and a conditional liberty which is a favor, not a right.  The trial court determines the conditions of probation and may revoke probation if those conditions are violated.  The decision to revoke probation is within the sound discretion of the trial court.  And its decision is reviewed on appeal for abuse of that discretion.

*Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012).  "An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court."  *Id.*  We consider only the evidence most favorable to the judgment, and we will not reweigh the evidence or judge the credibility of the witnesses.  *Cox v. State*, 850 N.E.2d 485, 488 (Ind. Ct. App. 2006).

## II. Probation Revocation

[8] Probation revocation is a two-step process.  *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008).  First, the trial court makes a factual determination that a violation of a condition of probation actually occurred and then, if the violation is proven, the trial court must determine if the violation warrants revocation of the probation.  *Id.*  "However, even a probationer who admits the allegations

against him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation." *Id.* And, if the trial court finds that a violation occurred, the court may impose one of the following sanctions:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.

> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.

> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3(h). A defendant is entitled to challenge the sanction a trial court decides to impose after revoking probation. *Stephens v. State*, 818 N.E.2d 936, 939 (Ind. 2004).

Symons does not contest that violations actually occurred: he admits that he was unsuccessfully discharged from the Howard County Re-Entry Court Program in violation of the conditions of his sentence modification order. Instead, Symons argues the trial court abused its discretion by "neglecting to examine the circumstances involved in this case, . . . it simply decided that any violation, irrespective of the specific facts, warrants revocation." Appellant's Brief at 9-10. Specifically, Symons argues:

> The trial court's statement that violation of re-entry leaves no

> other options for community supervision as lowering the supervision would merely lead to a person not getting caught for criminal behavior shows a predetermination prior to the presentation of mitigating evidence, and an abuse of discretion. The abuse of discretion is further shown by the trial court applying as an aggravating factor the Defendant's passing of drug screens. The trial court seemed to use this sole piece of information to issue a fully executed sentence.

*Id*. at 10 (citations to transcript omitted).

[10] This, however, is the entirety of Symons' argument and it is left unsupported by cogent reasoning or adequate citation to authority. "Indiana Appellate Rule 46(A)(8) provides that the argument section of the appellant's brief must 'contain the contentions of the appellant on the issues presented, supported by cogent reasoning,' along with citations to the authorities, statutes, and parts of the record relied upon, and a clear showing of how the issues and contentions in support thereof relate to the particular facts under review." *D.H. by A.M.J. v. Whipple*, 103 N.E.3d 1119, 1126 (Ind. Ct. App. 2018). Symons has therefore waived this issue for our review. *See, e.g.*, *Reed v. Reid*, 980 N.E.2d 277, 297 (Ind. 2012) ("Failure to comply with this rule results in waiver of the argument on appeal.").

[11] Waiver notwithstanding, even expanding Symons' arguments to their logical conclusions, we would still conclude the trial court acted within its discretion. First, contrary to Symons' assertion, we do not read the trial court's statement of reasons for revoking Symons' probation as evidencing "a predetermination prior to the presentation of mitigating evidence[.]" Appellant's Br. at 10.

Nothing in the record suggests the trial court employed such a policy and we have routinely held the violation of a single condition of probation is sufficient to revoke probation. *Richardson v. State*, 890 N.E.2d 766, 768 (Ind. Ct. App. 2008).

[12] Secondly, we do not read the trial court's statement as weighing Symons' passing of drug screens as an aggravating factor. We do, however, caution trial courts against injecting their personal philosophical views into their reasoning for one sanction or another, and we have explained that within the context of original sentencing, "it is improper for a trial court to impose a harsh sentence on the basis of the trial court's desire to send a personal philosophical message about the general severity of an offense, rather than focusing upon facts that are peculiar to the particular defendant and offense." *Puckett v. State*, 956 N.E.2d 1182, 1188 (Ind. Ct. App. 2011). But we do not find that to be the case here. Although the trial court discussed Symons' underlying conviction of dealing in methamphetamine, it did so in the context of Symons' probation violations and their relation thereto. Moreover, the trial court showed considerable grace by not only ordering a portion of his original sentence to be suspended, but then again by granting Symons' petition to modify that sentence. "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). And although such discretion "is not boundless and it may be abused[,]" *Puckett*, 956 N.E.2d at 1188, we find nothing so egregious as to warrant reversal here.

# Conclusion

[13] Concluding the trial court acted within its discretion in ordering Symons to serve the entirety of his previously suspended sentence at the Indiana Department of Correction, we affirm.

[14] Affirmed.

Baker, J., and May, J., concur.